# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3644
_____

Jorge Enrique Avila-Chavarria

*Petitioner*

v.

Robert M. Wilkinson, Acting Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: December 15, 2020
Filed: February 2, 2021
[Unpublished]
_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Jorge Enrique Avila-Chavarria, a native and citizen of Costa Rica, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen in which he sought, for the first time, asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The BIA concluded that he failed to demonstrate prima facie eligibility for relief. See I.N.S. v. Abudu, 485 U.S.

Appellate Case: 18-3644     Page: 1     Date Filed: 02/02/2021 Entry ID: 5000177

94, 104-05 (1988) (noting that the BIA may deny reopening if the movant fails to establish prima facie eligibility for the relief sought, if the movant fails to introduce previously unavailable, material evidence, or if the BIA determines that, even if those requirements were met, the movant would not be entitled to the discretionary grant of relief sought). We review the BIA's denial of Avila-Chavarria's motion to reopen for an abuse of discretion and will grant the petition only if the decision was without rational explanation, departed from established policies, invidiously discriminated against a particular race or group, or if the agency failed to consider all factors presented or distorted important aspects of the claim. See Shire v. Barr, 967 F.3d 722, 725-26 (8th Cir. 2020). For the following reasons, we conclude Avila-Chavarria did not meet his "heavy burden" of demonstrating reopening was warranted. See Sharif v. Barr, 965 F.3d 612, 618 (8th Cir. 2020) (discussing burden).

Avila-Chavarria does not directly challenge the merits of the BIA's conclusions on asylum and withholding of removal. Instead, he argues that the BIA engaged in improper fact-finding and erred in not remanding his case for further proceedings. He argues this was error because the cognizability of his particular social group—which was not clearly identified in either his motion or appellate brief—is a "mixed question of law and fact" for the immigration judge to decide. On our reading of the agency's decision, however, it appears the BIA assumed that Avila-Chavarria belonged to a particular social group characterized by his Catholicism or membership in his former church yet ultimately concluded that he failed to demonstrate the requisite nexus between his membership in that group and an objective fear of persecution.

Either way, it is well settled in this circuit that whether a group constitutes a particular social group is a question of law, not fact, that is within the BIA's purview to decide. See Ngugi v. Lynch, 826 F.3d 1132, 1137 (8th Cir. 2016); Gaitan v. Holder, 671 F.3d 678, 680 (8th Cir. 2012). And here, the BIA rationally explained that Avila-Chavarria failed to demonstrate an objectively reasonable fear of persecution on account of a protected ground. The materials he submitted did not

Appellate Case: 18-3644    Page: 2    Date Filed: 02/02/2021 Entry ID: 5000177

establish that the gangs targeted Catholics or members of his former church who resisted drug activity, and instead showed only that the gangs perpetrated violence against the populace as a whole, see Rivera-Guerrero v. Barr, 926 F.3d 1050, 1051-52 (8th Cir. 2019); Martin Martin v. Barr, 916 F.3d 1141, 1145 (8th Cir. 2019). Moreover, the BIA was justified in denying the appeal based on its determination that the facts, as alleged by Avila-Chavarria and presented in documentary evidence, would not likely change the outcome of his motion to reopen. See 8 U.S.C. § 1229a(c)(7)(B) (stating that a motion to reopen "shall state the new facts that will be proven at a hearing if the motion is granted, and shall be supported by affidavits or other evidentiary material"); 8 C.F.R. § 1003.2(c)(1) (same); Caballero-Martinez, 920 F.3d 543, 548 (8th Cir. 2019) (noting that this court has repeatedly upheld the BIA's application of the likely-to-change-the-result standard delineated in relevant BIA decisions); see also Urrutia Robles v. Barr, 940 F.3d 420, 423 (8th Cir. 2019) (concluding that the BIA followed established policy, and did not abuse its discretion in denying a motion to reopen instead of remanding to the immigration judge, when it determined petitioner failed to demonstrate the new evidence would likely change the result), petition for cert. denied, No. 19-1363 (Jan. 11, 2021).

As to Avila-Chavarria's claim for protection under the CAT, we conclude that, contrary to his suggestion, there is nothing to suggest the BIA applied an improper heightened standard in concluding that he failed to demonstrate prima facie eligibility for relief, cf. Xiu Ling Chen v. Holder, 751 F.3d 876, 879 (8th Cir. 2014) (rejecting argument that the BIA, when denying reopening, applied an excessively stringent standard in determining petitioner failed to demonstrate prima facie eligibility for relief); and that his claim would necessarily fail because it was based on the same underlying facts as his claims for asylum and withholding of removal, see Ming Ming Wijono v. Gonzales, 439 F.3d 868, 874 (8th Cir. 2006).

Accordingly, the petition for review is denied. See 8th Cir. R. 47B.

_____

Appellate Case: 18-3644    Page: 3    Date Filed: 02/02/2021 Entry ID: 5000177